1  Roger A. Denning, SBN 228998, denning@fr.com
   Frank Albert, SBN 247741, albert@fr.com
2  Geoff D. Biegler, SBN 290040, biegler@fr,com
   Garrett Sakimae. SBN 288453, sakimae@fr.com
3  Fish & Richardson P.C.
   12390 El Camino Real
4  San Diego, CA 92130
   Phone: 858-678-5070 / Fax: 858-678-5099
5
   Frank E. Scherkenbach, SBN 142549, scherkenbach@fr.com
6  Fish & Richardson P.C.
   One Marina Park Dr.
7  Boston, MA 02210
   Phone: 617-542-5070 / Fax: 617-542-8906
8
   Christina Brown Marshall SBN 280552, brown-marshall@fr.com
9  Fish & Richardson P.C.
   1180 Peachtree Street, 21st Floor
10 Atlanta, GA 30309
   Phone: 404-724-5005 / Fax: 404-892-5002
11
   Attorneys for Plaintiffs
12
13              IN THE UNITED STATES DISTRICT COURT

14            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15 RESMED INC., a Delaware Corporation,      CASE NO: '18 CV2040 GPC KSC
16 RESMED CORP, a Minnesota Corporation,
17 and RESMED LTD, an Australian            **COMPLAINT FOR PATENT**
   Corporation,                            **INFRINGEMENT**
18
               Plaintiff,                   **JURY TRIAL DEMANDED**
19
        v.
20
21 FISHER & PAYKEL HEALTHCARE
   LIMITED, a New Zealand Corporation,
22 FISHER & PAYKEL HEALTHCARE INC.,
   a California Corporation, and FISHER &
23 PAYKEL HEALTHCARE DISTRIBUTION
   INC., a California Corporation,
24
25             Defendants.
26
27
28
                                            CASE NO.

Plaintiffs ResMed Inc., ResMed Corp, and ResMed Ltd (individually and collectively, "ResMed") hereby complain of Defendants Fisher & Paykel Healthcare Limited, Fisher & Paykel Healthcare Inc., and Fisher & Paykel Healthcare Distribution Inc. (individually and collectively, "F&P") and allege as follows:

## I.   THE PARTIES

1.     Plaintiff ResMed Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business in this district in San Diego, California.

2.     Plaintiff ResMed Corp is a corporation organized under the laws of the state of Minnesota with its principal place of business in this district in San Diego, California.

3.     Plaintiff ResMed Ltd is a corporation organized under the laws of Australia, having its principal place of business in Bella Vista, New South Wales, Australia.

4.     ResMed Corp and ResMed Ltd are, respectively, direct and indirect subsidiaries of ResMed Inc.

5.     On information and belief, Defendant Fisher & Paykel Healthcare Limited ("F&P Healthcare Ltd") is a New Zealand corporation having a principal place of business at 15 Maurice Paykel Place, East Tamaki, Auckland 2013, New Zealand, PO Box 14348, Panmure, Auckland, New Zealand.

6.     On information and belief, F&P Healthcare Ltd is a subsidiary of Fisher & Paykel Healthcare Corp. Ltd ("F&P Healthcare Corp. Ltd"). Both entities are New Zealand corporations having their principal place of business at 15 Maurice Paykel Place, East Tamaki, Auckland 2013, New Zealand, PO Box 14348, Panmure, Auckland, New Zealand.  F&P Healthcare Corp. Ltd is the parent company of the defendant Fisher & Paykel Healthcare entities.

7.     On information and belief, Defendant Fisher & Paykel Healthcare Inc. ("F&P Healthcare Inc.") is a corporation organized and existing under the laws of

the state of California having a principal place of business at 173 Technology Drive, Suite 100, Irvine, CA 92618.

8.     On information and belief, F&P Healthcare Inc. is a U.S. sales entity.

9.     On information and belief, F&P Healthcare Inc. is owned by Fisher & Paykel Holdings Inc., which is owned by F&P Healthcare Corp. Ltd.

10.    On information and belief, Fisher & Paykel Healthcare Distribution Inc. ("F&P Healthcare Dist.") is a corporation organized and existing under the laws of the state of California having a principal place of business at 173 Technology Drive, Suite 100, Irvine, CA 92618.

11.    On information and belief, F&P Healthcare Dist. is a U.S. distribution entity.

12.    On information and belief, F&P Healthcare Dist. is owned by Fisher & Paykel Holdings Inc., which is owned by F&P Healthcare Corp. Ltd.

## II.     JURISDICTION AND VENUE

13.    This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100, et seq., including, 35 U.S.C. §§ 271 and 281.

14.    This Court has subject matter jurisdiction over RedMed's claims under 28 U.S.C. §§ 1331 and 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

15.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b) because, among other reasons, F&P previously sued ResMed Corp. in this judicial district in Case No. 3:16-cv-02068-DMS-WVG, currently pending and stayed pending resolution of *inter partes* review proceedings regarding the asserted patents in the United States Patent & Trademark Office.

16.    F&P is subject to personal jurisdiction in California and in this judicial district because F&P has committed the acts of infringement complained of by

1  ResMed in this judicial district and because F&P Healthcare Inc. and F&P
2  Healthcare Dist. are residents of California.

### III.   RESMED'S CLAIMS OF INFRINGEMENT

### RESMED PATENTS IN SUIT

17.   ResMed Ltd is the owner by assignment of all right, title, and interest in and to United States Patent No. **9,757,533** patent entitled "Mask System with Snap-Fit Shroud," (hereinafter "the '533 patent"), which was duly and legally issued on September 12, 2017.

18.   The '533 patent is valid, enforceable, and currently in full force and effect.  A copy of the '533 patent is attached as Exhibit A.

19.   ResMed Inc. is the exclusive licensee of the '533 patent and has exclusively sublicensed the patent to ResMed Corp, the U.S. sales subsidiary.

20.   ResMed Ltd is the owner by assignment of all right, title, and interest in and to United States Patent No. **9,937,315** entitled "Mask with Removable Headgear Connector," (hereinafter "the '315 patent"), which was duly and legally issued on April 10, 2018.

21.   The '315 patent is valid, enforceable, and currently in full force and effect.  A copy of the '315 patent is attached as Exhibit B.

22.   ResMed Inc. is the exclusive licensee of the '315 patent and has exclusively sublicensed the patent to ResMed Corp, the U.S. sales subsidiary.

23.   ResMed Ltd is the owner by assignment of all right, title, and interest in and to United States Patent No. **9,950,131** entitled "Mask System with Snap-Fit Shroud," (hereinafter "the '131 patent"), which was duly and legally issued on April 24, 2018

24.   The '131 patent is valid, enforceable, and currently in full force and effect.  A copy of the '131 patent is attached as Exhibit C.

25.   ResMed Inc. is the exclusive licensee of the '131 patent and has exclusively sublicensed the patent to ResMed Corp, the U.S. sales subsidiary.

26.     ResMed Ltd is the owner by assignment of all right, title, and interest in and to United States Patent No. **9,962,510** entitled "Respiratory Mask Assembly," (hereinafter "the '510 patent"), which was duly and legally issued on May 8, 2018.

27.     The '510 patent is valid, enforceable, and currently in full force and effect.  A copy of the '510 patent is attached as Exhibit D.

28.     ResMed Inc. is the exclusive licensee of the '510 patent and has exclusively sublicensed the patent to ResMed Corp, the U.S. sales subsidiary.

29.     ResMed Ltd is the owner by assignment of all right, title, and interest in and to United States Patent No. **9,962,511** entitled "Mask System with Snap-Fit Shroud," (hereinafter "the '511 patent"), which was duly and legally issued on May 8, 2018.

30.     The '511 patent is valid, enforceable, and currently in full force and effect.  A copy of the '511 patent is attached as Exhibit E.

31.     ResMed Inc. is the exclusive licensee of the '511 patent and has exclusively sublicensed the patent to ResMed Corp, the U.S. sales subsidiary.

## **RESMED**

32.     ResMed is a leading developer, manufacturer, and distributor of medical equipment for treating, diagnosing, and managing sleep-disordered breathing and other respiratory disorders.

33.     The company is dedicated to developing innovative products to improve the lives of those who suffer from these conditions and to increasing awareness among patients and healthcare professionals of the potentially serious health consequences of untreated sleep-disordered breathing (sometimes referred to as "SDB").

34.     Since it was founded in 1989, ResMed has focused on developing and commercializing systems for the treatment of obstructive sleep apnea ("OSA"), a major subset of SDB.

35.     ResMed's development of innovative therapies for the treatment of OSA has resulted in over 4,000 patents granted or pending worldwide, and its product line incorporates technology that is a highly effective and proven way to treat OSA.

36.     ResMed has invested hundreds of millions of dollars in research and development relating to products to treat sleep-disordered breathing.

37.     It has been estimated that SDB in general, and OSA in particular, affects approximately 20% of the adult population, making it as widespread as diabetes or asthma.

38.     However, awareness of OSA is relatively low; one study in 2002 concluded that about 90% of people with OSA remain undiagnosed and untreated.

39.     Therefore, ResMed also has made substantial investments directed to increasing education and awareness of the health consequences of untreated SDB among both the general public and physicians.

40.     ResMed's portfolio of SDB products includes flow generators, humidifiers, diagnostic products, mask systems, headgear, and other accessories, including, for example, certain sleep-disordered breathing treatment masks.

41.     ResMed marks its patents on some products and marks all of its products on its website at:  www.resmed.com/ip.

**F&P'S INFRINGING ACTIVITIES AND PRODUCTS**

42.     On information and belief, F&P, on its own and/or through its subsidiaries, is in the business of manufacturing, packaging, importing, selling, offering to sell, and/or distributing a variety of sleep-disordered breathing treatment systems and components thereof, including, but not limited to, F&P's Eson product line, F&P's Eson 2 product line, and F&P's Simplus product line (collectively, "Accused Products").  The Accused Products are one component of a continuous positive airway pressure ("CPAP") therapy system.

43.     F&P has placed the Accused Eson, Eson 2, and Simplus Products into the stream of commerce by shipping those products into this judicial district and/or by knowing that such products would be shipped into this judicial district.

44.     F&P is a manufacturer and distributor of durable medical equipment, including systems and components thereof for the treatment of sleep-disordered breathing, such as obstructive sleep apnea.

45.     F&P's distribution network distributes sleep-disordered breathing treatment systems and products directly to customers located throughout the United States, including in this judicial district.

46.     F&P develops, manufactures, and markets sleep-disordered breathing treatment systems and components thereof that infringe one or more claims of the Patents-in-Suit, as defined below.

47.     F&P's accused sleep-disordered breathing treatment systems and components thereof are manufactured, assembled, packaged, and/or tested outside of the United States.  F&P then imports the accused sleep-disordered breathing treatment systems and components thereof into the United States, sells them for importation, or sells them in the United States after importation.

48.     By importing into the United States, shipping into, selling, offering to sell, and/or using products that infringe the Patents-in-Suit in this judicial district, or by inducing or causing those acts to occur, F&P has transacted and continues to transact business and perform work and services in this judicial district, has supplied and continues to supply services and things in this judicial district, has caused and continues to cause injury and damages in this judicial district by acts and omissions in this judicial district, and has caused and continues to cause injury and damages in this judicial district by acts or omissions outside of this judicial district while deriving substantial revenue from services or things used or consumed within this judicial district, and will continue to do so unless enjoined by this Court.

49.     On information and belief, F&P offers for sale, sells, licenses, and/or distributes the Accused Products in the United States, including within this district, and/or imports the Accused Products into the United States.

50.     F&P markets the structure, operation, and use of the Simplus System to the public.  By way of example, F&P provides instruction to the public on the structure, function, use, and purchasing of the Simplus System on its website, including at least marketing materials, sales materials, purchasing information, videos, catalogues, specification sheets, user instructions, and guides.  Further, by way of example, F&P provides instruction to the public on the structure, function, and use of the Simplus System in the product packaging; including at least user instructions.

51.     By way of example, on its website, F&P markets the use of the Simplus System for Sleep Apnea:





52.     By way of example, on its website, F&P markets that the Simplus System includes three components, the RollFit Seal, the ErgoForm Headgear, and Easy Frame:



53.     By way of example, on its website, F&P markets the structure of the Simplus System including the RollFit Seal, the ErgoForm Headgear, and Easy Frame.



54.     By way of example, on its website, F&P markets that the Simplus System includes a RollFit Seal:



8     CASE NO.

55.     By way of example, on its website, F&P markets that the Simplus System includes a ErgoForm Headgear:



56.     By way of example, on its website, F&P markets that the Simplus System includes an Easy Frame:



57.     By way of example, on its website, F&P markets the Mask Parts of the Simplus System:



58.     By way of example, on its website, F&P markets Fitting Your Mask for the Simplus System:



59.     By way of example, on its website, F&P markets Mask Assembly/Disassembly for the Simplus System:



60.     F&P markets the structure, operation, and use of the Eson System to the public.  By way of example, F&P provides instruction to the public on the structure, function, use, and purchasing of the Eson System on its website, including at least marketing materials, sales materials, purchasing information, videos, catalogues, specification sheets, user instructions, and guides.  Further, by way of example, F&P provides instruction to the public on the structure, function, and use of the Eson System in the product packaging; including at least user instructions.

61.     By way of example, on its website, F&P markets the use of the Eson System as a Nasal Mask for Sleep Apnea:

Sleep Apnea » Masks » Nasal Masks » F&P Eson™



62.     By way of example, on its website, F&P markets that the Eson System includes three components, the RollFit Seal, the ErgoFit Headgear, and Easy Frame:



63.     By way of example, on its website, F&P markets that the Eson System includes a RollFit Seal:

1

**RollFit Seal**



2
3
4
5
6
7        64.    By way of example, on its website, F&P markets that the Eson System
8   includes a ErgoFit Headgear:
9

**ErgoFit Headgear**



10
11
12
13
14
15
16
17        65.    By way of example, on its website, F&P markets that the Eson System
18   includes an Easy Frame:
19

**EasyFrame**



20
21
22
23
24
25
26        66.    By way of example, on its website, F&P markets the Mask Parts of the
27   Eson System:
28



67.    By way of example, on its website, F&P markets Fitting Your Mask for the Eson System:



68.    By way of example, on its website, F&P markets Mask Assembly/Disassembly for the Eson System:



69.     F&P has imported the Eson 2 System as a Nasal Mask for Sleep Apnea. F&P markets the structure, operation, and use of the Eson 2 System to the public. By way of example, F&P provides instruction to the public on the structure, function, use, and purchasing of the Eson 2 System on its website, including at least marketing materials, sales materials, purchasing information, videos, catalogues, specification sheets, user instructions, and guides.  Further, by way of example, F&P provides instruction to the public on the structure, function, and use of the Eson 2 System in the product packaging; including at least user instructions.

70.     By way of example, on its website, and in its promotional materials, including the materials accompanying the imported Eson 2 System, F&P markets that the Eson 2 System includes "Key features and benefits" including, the Intuitive Headgear, the RollFit Seal, and the Easy Frame:



71. By way of example, in the materials accompanying the imported Eson 2 System, F&P markets the Mask Parts of the Eson 2 System:



72. By way of example, in the materials accompanying the imported Eson 2 System, F&P markets Fitting Your Mask for the Eson 2 System:



73. By way of example, in the materials accompanying the imported Eson 2 System, F&P markets Mask Assembly/Disassembly for the Eson 2 System:



74. On information and belief, because F&P was aware of ResMed's products, F&P was also aware of ResMed patents as a result of patent marking, including the marking on ResMed's website.

75. On information and belief, F&P's acts of infringement of the patents identified below have occurred with knowledge of ResMed's rights in its patents or with willful blindness thereto.

**FIRST CLAIM FOR RELIEF**

**F&P'S INFRINGEMENT OF U.S. PATENT NO. 9,757,533**

76.   The allegations of Paragraphs 1-75 are incorporated herein by reference.

77.   F&P has directly infringed the claims of the '533 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, including but not limited to F&P's Simplus System product line and Eson and Eson 2 System product lines.

78.   By way of example, the Accused Products, including at least the Simplus Mask System, specifically infringe at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 13, 15, and 16 of the '533 patent.  By way of example, the Accused Products, including at least the Eson and Eson 2 Mask Systems, specifically infringe at least claims 55, 59, and 60 of the '533 patent.

79.   Attached hereto as Exhibit F is a non-limiting example demonstrating how the Accused Simplus Mask System meets each and every limitation of at least claim 1 of the '533 Patent.

80.   Attached hereto as Exhibit G is a non-limiting example demonstrating how the Accused Eson Mask System meets each and every limitation of at least claim 55 of the '533 Patent.

81.   Attached hereto as Exhibit H is a non-limiting example demonstrating how the Accused Eson 2 Mask System meets each and every limitation of at least claim 55 of the '533 Patent.

82.   ResMed is well-known in the industry for making and selling SDB products and ResMed is well-known in the industry to be an innovator.

83.   ResMed also gives notice to the public that its products are patented by appropriately marking those products with its applicable patent numbers as permitted by 35 U.S.C. § 287(a).

84.    Therefore, on information and belief, F&P either must have known about the '533 patent or must have been willfully blind to it at the time it engaged in its infringing activities and, in any event, was aware of the '533 patent at least as early as the service date of this complaint.

85.    F&P also actively induces infringement of the '533 patent in violation of 35 U.S.C. § 271(b).  F&P encourages and intends the use, importation, and sale of the Accused Products within the United States.  For example, at least on its website, F&P advertises the Accused Products for use within the United States and instructs patients and health care providers on the use of the Accused Products.

86.    F&P also contributes to the infringement of the '533 patent in violation of 35 U.S.C. § 271(c).  F&P sells within the United States, and/or imports into the United States, components of the Accused Products that are material parts of the invention of the asserted claims of the '533 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by F&P to be especially made or especially adapted for use in an infringement of the '533 patent.

87.    On information and belief, F&P lacks reasonable defenses for its infringing activities and therefore knows the use, importation, and sale of the Accused Products within the United States infringes the '533 patent.

88.    On information and belief, F&P's infringement of the '533 patent has been, and continues to be, willful and deliberate by continuing its acts of infringement after becoming aware of the '533 patent and its infringement of that patent.  F&P's conduct has been in reckless disregard of ResMed's patent rights.

89.    As a result of F&P's infringement of the '533 patent, ResMed has suffered and will continue to suffer damage.

90.    ResMed is entitled to recover from F&P the damages adequate to compensate for such infringement, which have yet to be determined.

91.     F&P's acts of infringement have caused and will continue to cause irreparable harm to ResMed for which there is no adequate remedy at law unless and until enjoined by this Court.

### SECOND CLAIM FOR RELIEF
### F&P'S INFRINGEMENT OF U.S. PATENT NO. 9,937,315

92.     The allegations of Paragraphs 1-91 are incorporated herein by reference.

93.     F&P has directly infringed the claims of the '315 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, including but not limited to F&P's Simplus System product line and Eson and Eson 2 System product lines.

94.     By way of example, the Accused Products, including at least the Simplus System, specifically infringe at least claims 1, 5, 7, 8, 9, 30, 31, 32, 33, and 35 of the '315 patent.  By way of example, the Accused Products, including at least the Eson and Eson 2 Systems, specifically infringe at least claims 1, 2, 4, 9, 30, and 31 of the '315 patent.

95.     Attached hereto as Exhibit I is a non-limiting example demonstrating how the Accused Simplus Mask System meets each and every limitation of at least claim 1 of the '315 patent.

96.     Attached hereto as Exhibit J is a non-limiting example demonstrating how the Accused Eson Mask System meets each and every limitation of at least claim 1 of the '315 patent.

97.     Attached hereto as Exhibit K is a non-limiting example demonstrating how the Accused Eson 2 Mask System meets each and every limitation of at least claim 1 of the '315 patent.

98.     ResMed is well-known in the industry for making and selling SDB products and ResMed is well-known in the industry to be an innovator.

99.   ResMed also gives notice to the public that its products are patented by appropriately marking those products with its applicable patent numbers as permitted by 35 U.S.C. § 287(a).

100.   Therefore, on information and belief, F&P either must have known about the '315 patent or was willfully blind to the '315 patent at the time it engaged in its infringing activities and, in any event, was aware of the '315 patent at least as early as the date it was served with this complaint.

101.   F&P also actively induces infringement of the '315 patent in violation of 35 U.S.C. § 271(b).  F&P encourages and intends the use, importation, and sale of the Accused Products within the United States.  For example, at least on its website, F&P advertises the Accused Products for use within the United States and instructs patients and health care providers on the use of the Accused Products.

102.   F&P also contributes to the infringement of the '315 patent in violation of 35 U.S.C. § 271(c).  F&P sells within the United States, and/or imports into the United States, components of the Accused Products that are material parts of the invention of the asserted claims of the '315 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by F&P to be especially made or especially adapted for use in an infringement of the '315 patent.

103.   On information and belief, F&P lacks reasonable defenses for its infringing activities and therefore knows the use, importation, and sale of the Accused Products within the United States infringes the '315 patent.

104.   On information and belief, F&P's infringement of the '315 patent has been, and continues to be, willful and deliberate by continuing its acts of infringement after becoming aware of the '315 patent and its infringement of that patent.  F&P's conduct has been in reckless disregard of ResMed's patent rights.

105.   As a result of F&P's infringement of the '315 patent, ResMed has suffered and will continue to suffer financial injury and irreparable injury to its business and reputation.

106.   ResMed is entitled to recover from F&P the damages adequate to compensate for F&P's infringement, which have yet to be determined.

107.   F&P's acts of infringement have caused and will continue to cause irreparable harm to ResMed for which there is no adequate remedy at law unless and until enjoined by this Court.

### THIRD CLAIM FOR RELIEF
### F&P'S INFRINGEMENT OF U.S. PATENT NO. 9,950,131

108.   The allegations of Paragraphs 1-107 are incorporated herein by reference.

109.   F&P has directly infringed the claims of the '131 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, including but not limited to F&P's Simplus System product line and Eson and Eson 2 System product lines.

110.   By way of example, the Accused Products, including at least the Simplus Mask System, specifically infringe at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 24, 25, 26, 27, and 28 of the '131 patent.  By way of example, the Accused Products, including at least the Eson and Eson 2 Mask Systems, specifically infringe at least claims 24, 25, 26, and 27 of the '131 patent.

111.   Attached hereto as Exhibit L is a non-limiting example demonstrating how the Accused Simplus Mask System meets each and every limitation of at least claim 1 of the '131 Patent.

112.   Attached hereto as Exhibit M is a non-limiting example demonstrating how the Accused Eson Mask System meets each and every limitation of at least claim 24 of the '131 Patent.

1   113.   Attached hereto as Exhibit N is a non-limiting example demonstrating
2   how the Accused Eson 2 Mask System meets each and every limitation of at least
3   claim 24 of the '131 Patent.

4   114.   ResMed is well-known in the industry for making and selling SDB
5   products and ResMed is well-known in the industry to be an innovator.

6   115.   ResMed also gives notice to the public that its products are patented by
7   appropriately marking those products with its applicable patent numbers as
8   permitted by 35 U.S.C. § 287(a).

9   116.   Therefore, on information and belief, F&P either must have known
10  about the '131 patent or must have been willfully blind to it at the time it engaged in
11  its infringing activities and, in any event, was aware of the '131 patent at least as
12  early as the service date of this complaint.

13  117.   F&P also actively induces infringement of the '131 patent in violation
14  of 35 U.S.C. § 271(b).  F&P encourages and intends the use, importation, and sale
15  of the Accused Products within the United States.  For example, at least on its
16  website, F&P advertises the Accused Products for use within the United States and
17  instructs patients and health care providers on the use of the Accused Products.

18  118.   F&P also contributes to the infringement of the '131 patent in violation
19  of 35 U.S.C. § 271(c).  F&P sells within the United States, and/or imports into the
20  United States, components of the Accused Products that are material parts of the
21  invention of the asserted claims of the '131 patent, are not staple articles or
22  commodities of commerce suitable for substantial non-infringing use, and are
23  known by F&P to be especially made or especially adapted for use in an
24  infringement of the '131 patent.

25  119.   On information and belief, F&P lacks reasonable defenses for its
26  infringing activities and therefore knows the use, importation, and sale of the
27  Accused Products within the United States infringes the '131 patent.

28

120.   On information and belief, F&P's infringement of the '131 patent has been, and continues to be, willful and deliberate by continuing its acts of infringement after becoming aware of the '131 patent and its infringement of that patent.  F&P's conduct has been in reckless disregard of ResMed's patent rights.

121.   As a result of F&P's infringement of the '131 patent, ResMed has suffered and will continue to suffer damage.

122.   ResMed is entitled to recover from F&P the damages adequate to compensate for such infringement, which have yet to be determined.

123.   F&P's acts of infringement have caused and will continue to cause irreparable harm to ResMed for which there is no adequate remedy at law unless and until enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
### F&P'S INFRINGEMENT OF U.S. PATENT NO. 9,962,510

124.   The allegations of Paragraphs 1-123 are incorporated herein by reference.

125.   F&P has directly infringed the claims of the '510 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, including but not limited to F&P's Simplus System product line.

126.   By way of example, the Accused Products, including at least the Simplus Mask System, specifically infringe at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 25, 26, 27, 28, 29, 30, 31, and 32 of the '510 patent.

127.   Attached hereto as Exhibit O is a non-limiting example demonstrating how the Accused Simplus Mask System meets each and every limitation of at least claim 1 of the '510 Patent.

128.   ResMed is well-known in the industry for making and selling SDB products and ResMed is well-known in the industry to be an innovator.

129.   ResMed also gives notice to the public that its products are patented by appropriately marking those products with its applicable patent numbers as permitted by 35 U.S.C. § 287(a).

130.   Therefore, on information and belief, F&P either must have known about the '510 patent or must have been willfully blind to it at the time it engaged in its infringing activities and, in any event, was aware of the '510 patent at least as early as the service date of this complaint.

131.   F&P also actively induces infringement of the '510 patent in violation of 35 U.S.C. § 271(b).  F&P encourages and intends the use, importation, and sale of the Accused Products within the United States.  For example, at least on its website, F&P advertises the Accused Products for use within the United States and instructs patients and health care providers on the use of the Accused Products.

132.   F&P also contributes to the infringement of the '510 patent in violation of 35 U.S.C. § 271(c).  F&P sells within the United States, and/or imports into the United States, components of the Accused Products that are material parts of the invention of the asserted claims of the '510 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by F&P to be especially made or especially adapted for use in an infringement of the '510 patent.

133.   On information and belief, F&P lacks reasonable defenses for its infringing activities and therefore knows the use, importation, and sale of the Accused Products within the United States infringes the '510 patent.

134.   On information and belief, F&P's infringement of the '510 patent has been, and continues to be, willful and deliberate by continuing its acts of infringement after becoming aware of the '510 patent and its infringement of that patent.  F&P's conduct has been in reckless disregard of ResMed's patent rights.

135.   As a result of F&P's infringement of the '510 patent, ResMed has suffered and will continue to suffer damage.

CASE NO.

136.   ResMed is entitled to recover from F&P the damages adequate to compensate for such infringement, which have yet to be determined.

137.   F&P's acts of infringement have caused and will continue to cause irreparable harm to ResMed for which there is no adequate remedy at law unless and until enjoined by this Court.

**FIFTH CLAIM FOR RELIEF**

**<u>F&P'S INFRINGEMENT OF U.S. PATENT NO. 9,962,511</u>**

138.   The allegations of Paragraphs 1-137 are incorporated herein by reference.

139.   F&P has directly infringed the claims of the '511 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, the Accused Products, including but not limited to F&P's Simplus System product line and Eson and Eson 2 System product lines.

140.   By way of example, the Accused Products, including at least the Simplus Mask System, specifically infringe at least claims 1, 2, 6, 14, 15, and 22 of the '511 patent.  By way of example, the Accused Products, including at least the Eson and Eson 2 Mask Systems, specifically infringe at least claims 1, 2, 8, 9, 24, and 25 of the '511 patent.

141.   Attached hereto as Exhibit P is a non-limiting example demonstrating how the Accused Simplus Mask System meets each and every limitation of at least claim 1 of the '511 Patent.

142.   Attached hereto as Exhibit Q is a non-limiting example demonstrating how the Accused Eson Mask System meets each and every limitation of at least claim 1 of the '511 Patent.

143.   Attached hereto as Exhibit R is a non-limiting example demonstrating how the Accused Eson 2 Mask System meets each and every limitation of at least claim 1 of the '511 Patent.

144. ResMed is well-known in the industry for making and selling SDB products and ResMed is well-known in the industry to be an innovator.

145. ResMed also gives notice to the public that its products are patented by appropriately marking those products with its applicable patent numbers as permitted by 35 U.S.C. § 287(a).

146. Therefore, on information and belief, F&P either must have known about the '511 patent or must have been willfully blind to it at the time it engaged in its infringing activities and, in any event, was aware of the '511 patent at least as early as the service date of this complaint.

147. F&P also actively induces infringement of the '511 patent in violation of 35 U.S.C. § 271(b). F&P encourages and intends the use, importation, and sale of the Accused Products within the United States. For example, at least on its website, F&P advertises the Accused Products for use within the United States and instructs patients and health care providers on the use of the Accused Products.

148. F&P also contributes to the infringement of the '511 patent in violation of 35 U.S.C. § 271(c). F&P sells within the United States, and/or imports into the United States, components of the Accused Products that are material parts of the invention of the asserted claims of the '511 patent, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by F&P to be especially made or especially adapted for use in an infringement of the '511 patent.

149. On information and belief, F&P lacks reasonable defenses for its infringing activities and therefore knows the use, importation, and sale of the Accused Products within the United States infringes the '511 patent.

150. On information and belief, F&P's infringement of the '511 patent has been, and continues to be, willful and deliberate by continuing its acts of infringement after becoming aware of the '511 patent and its infringement of that patent. F&P's conduct has been in reckless disregard of ResMed's patent rights.

151.   As a result of F&P's infringement of the '511 patent, ResMed has suffered and will continue to suffer damage.

152.   ResMed is entitled to recover from F&P the damages adequate to compensate for such infringement, which have yet to be determined.

153.   F&P's acts of infringement have caused and will continue to cause irreparable harm to ResMed for which there is no adequate remedy at law unless and until enjoined by this Court.

## IV.   **PRAYER FOR RELIEF**

WHEREFORE, ResMed prays that this Court enters judgment and provides relief as follows:

(a)   That F&P is liable for infringement of the asserted ResMed Patents-in-Suit under 35 U.S.C. § 271 through the manufacture, use, importation, offer for sale and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271;

(b)   That F&P and each of its officers, agents, employees, parents, subsidiaries, representatives, successors and assigns and those in active concert or participation with them directly or indirectly, be enjoined from further infringing in any manner any of the Patents-in-Suit pursuant to 35 U.S.C. § 283;

(c)   That F&P pay to ResMed the damages resulting from F&P's infringement of the Patents-in-Suit, together with interest and costs, and all other damages permitted by 35 U.S.C. § 284;

(d)   That F&P be ordered to account for additional damages for any and all periods of infringement not included in the damages awarded by the Court or jury, including specifically any time periods between any order or verdict awarding damages and entry of final judgment;

(e)   That ResMed be awarded pre-judgment and post-judgment interest and costs against F&P as permitted by 35 U.S.C. § 284;

1      (f)     That F&P's infringement of the asserted ResMed Patents-in-Suit has

2  been and continues to be willful justifying an enhanced award of damages under 35

3  U.S.C. § 284;

4      (g)     That this action be determined to be an exceptional case and ResMed

5  be awarded its attorney's fees, costs, and expenses under 35 U.S.C. § 285; and

6      (h)     That ResMed be awarded such other equitable or legal relief as this

7  Court deems just and proper under the circumstances.

8                        **<u>DEMAND FOR JURY TRIAL</u>**

9      Pursuant to Federal Rule of Civil Procedure 38, ResMed demands a jury trial

10  on all issues so triable.

11

12  Dated:  August 31, 2018              FISH & RICHARDSON P.C.

13

14                              By:  */s/ Roger A. Denning*

15                                    Roger A. Denning
                                      denning@fr.com
16

17                                    Attorney for Plaintiffs
                                      ResMed Inc., ResMed Corp, and ResMed Ltd
18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF EXHIBITS**

2

3

| EXHIBIT NO. | DESCRIPTION | PAGES |
|---|---|---|
| A | United States Patent 9,757,533 | 1-117 |
| B | United States Patent 9,937,315 | 118-157 |
| C | United States Patent 9,950,131 | 158-272 |
| D | United States Patent 9,962,510 | 273-317 |
| E | United States Patent 9,962,511 | 318-436 |
| F | '533 Simplus Infringement Claim Chart | 437-486 |
| G | '533 Eson Infringement Claim Chart | 487-527 |
| H | '533 Eson 2 Infringement Claim Chart | 528-576 |
| I | '315 Simplus Infringement Claim Chart | 577-602 |
| J | '315 Eson Infringement Claim Chart | 603-629 |
| K | '315 Eson 2 Infringement Claim Chart | 630-656 |
| L | '131 Simplus Infringement Claim Chart | 657-707 |
| M | '131 Eson Infringement Claim Chart | 708-758 |
| N | '131 Eson 2 Infringement Claim Chart | 759-807 |
| O | '510 Simplus Infringement Claim Chart | 808-868 |
| P | '511 Simplus Infringement Claim Chart | 869-904 |
| Q | '511 Eson Infringement Claim Chart | 905-940 |
| R | '511 Eson 2 Infringement Claim Chart | 941-975 |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28